CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 20 2010

JULIA C. DUDLEY, CLERK
BY:
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MELVIN C. MADDOX, )
 )
    Plaintiff, ) Case No. 7:10CV00344
 )
v. )
 ) MEMORANDUM OPINION
 )
GENE M. JOHNSON, ET AL., ) By: Glen E. Conrad
 ) Chief United States District Judge
    Defendant(s). )

Plaintiff Melvin C. Maddox, a Virginia inmate proceeding pro se, submits a motion for temporary restraining order, which the court also construes as a new civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343.[1] Maddox alleges that a correctional officer ordered him to dismiss his civil rights action against other prison officials, and when he refused, filed a false disciplinary charge against him. Upon review of the submissions, the court finds that the action must be summarily dismissed, pursuant to 28 U.S.C. § 1997e(a), for failure to exhaust administrative remedies.

## I. Background

Plaintiff Melvin C. Maddox alleges the following sequence of facts on which he bases his claims. On July 23, 2010, Officer K. Milgram asked Maddox to apologize for suing other correctional officers in Case No. 7:09CV00279 and demanded that he drop his claims against them. Maddox refused. Milgram repeated her demands and threatened to bring a fraudulent disciplinary charge against Maddox if he did not do as she asked. He still refused. Sometime thereafter, another

---

[1] Maddox filed his current motion in Case No. 7:09CV00279. Because the motion did not involve the defendants or the claims in that case, however, the court directed that the motion be dismissed without prejudice and be docketed as a new civil rights action, pursuant to § 1983.

officer wrote a disciplinary report charging Maddox with masturbating in his cell window, and Milgram signed the report. A disciplinary hearing was conducted on July 29, 2010. Maddox complains that he was denied the right to present documentary evidence in his defense and that the hearing officer refused to view the surveillance videotape footage of the incident, finding it to be irrelevant. Maddox was found guilty of the charge and was penalized with the loss of 30 days of recreation and telephone privileges. He also had his cell window covered for 90 days.

Maddox recognizes that he cannot bring a new lawsuit concerning his claims of retaliation and due process violations until he has completed exhaustion of administrative remedies as required under 42 U.S.C. § 1997e(a). He asserts, however, that the surveillance videotape footage that he seeks to use in support of these claims will be destroyed in 90 days, before he could complete the exhaustion process and file a new lawsuit. Therefore, he seeks a temporary restraining order directing that the videotape footage be preserved.

## II. Discussion

The Prison Litigation Reform Act provides that "[n]o action shall be <u>brought</u> with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). It is well established that this exhaustion requirement is mandatory, <u>Anderson v. XYZ Correctional Health Services, Inc.</u>, 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar an inmate's § 1983 action. <u>Woodford v. Ngo</u>, 548 U.S. 81, 90

(2006). "[W]here failure to exhaust is apparent from the face of the complaint," the court may summarily dismiss the complaint on that ground. Anderson, 407 F.3d at 682.

Maddox admits that he did not complete all available administrative remedies as to his current claims before filing this lawsuit. Accordingly, he did not comply with the requirements of § 1997e(a), and his claims must be dismissed without prejudice on that ground.

Maddox's motion for interlocutory injunctive relief must also be dismissed. By discovery order entered on August 19, 2010, the court directed the Warden of Red Onion to preserve that footage for one year. As this is the only relief Maddox sought in his motion for interlocutory injunctive relief, that motion will be dismissed as moot. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of August, 2010.

_____
Chief United States District Judge